**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bradley Gerald Mullins, Appellant.

Appellate Case No. 2013-002662

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-062
Heard December 7, 2015 – Filed February 17, 2016

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Bradley Gerald Mullins (Appellant) appeals his convictions for murder and first-degree burglary, arguing the circuit court erred in instructing the jury on implied malice when the charge was unnecessary, confusing, and prejudicial given the facts of the case.

We hold the circuit court did not abuse its discretion when it issued the jury instruction on implied malice because the charge was neither unnecessary nor confusing in light of the facts presented at trial. *See State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))). At trial, Delilah Mullins testified she overheard Appellant say he went to the victim's house to rob it. Anthony Ray also testified the men had a conversation about going to the victim's house "for a robbery of [the victim's] guns." Ray added that it was dark when the men arrived at the victim's house, and testimony revealed the men entered the home by breaking a window pane on the victim's back door. Therefore, the State presented ample evidence for the jury to find the homicide occurred during the commission of the felony of first-degree burglary. *See* S.C. Code Ann. § 16-11-311 (2003) (providing a person is guilty of first-degree burglary if the person enters a dwelling without consent with the intent to commit a crime inside, and the entering occurs in the nighttime). Accordingly, the instruction on implied malice was appropriate. *See State v. Blurton*, 352 S.C. 203, 207, 573 S.E.2d 802, 804 (2002) ("The evidence presented at trial determines the charged jury instruction."); *State v. Shuler*, 344 S.C. 604, 632, 545 S.E.2d 805, 819 (2001) ("If there is any evidence to support [an instruction], the [circuit court] should grant the request."); *State v. Avery*, 333 S.C. 284, 294, 509 S.E.2d 476, 481 (1998) ("If a person intentionally kills another during the commission of a felony, malice may be inferred.").

Additionally, Appellant's belief about whether the victim was at home has no bearing on whether the implied malice instruction was appropriate. Ray testified that during the burglary the victim exited a room in the home while firing a revolver. Ray ordered the victim to put his gun down, and then shot the victim when the victim pointed the gun at Ray. According to Ray, Appellant then got on top of the victim and delivered the fatal shot to the victim's head. Medical evidence confirmed Ray's initial gunshot wound penetrated the victim's lungs and likely would have knocked him down. Ray testified, "[The victim] was no threat after I shot him. He was on the ground. We could have left." In *State v. Belcher*, the supreme court held an implied malice instruction in a murder prosecution was improper when evidence was presented "that would reduce, mitigate, excuse or

justify the killing." 385 S.C. 597, 610, 685 S.E.2d 802, 809 (2009). Here, even if the *Belcher* limitation on implied malice applied, there was no evidence presented that "would reduce, mitigate, excuse or justify the killing" given that the victim was on the ground no longer presenting a threat when Appellant delivered the fatal shot. *Id.*

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**